# Hyman Schestack *v.* Samuel Berman, Appellant.

*Checks—Non-payment of—Action on—Evidence—Admissibility.*

In an action of assumpsit by a payee against the maker of a check, given for the cash payment on a sale of real estate, an offer to prove that the property mentioned in the agreement of sale was never transferred to the maker, and that no settlement had been made, was properly refused.

The check having been given for the amount of the cash payment, the defendant was not entitled to a deed until after he had paid the check and complied with the other convenants contained in the agreement. In the absence of proof that the defendant had been induced to execute the written agreement by fraudulent representations, or that the property was encumbered by liens, or that there was any defect in the title, the Court did not err in giving binding instructions for the plaintiff.

Argued October 9, 1925. Appeal No. 103, October
T., 1925, by defendant, from judgment of C. P. No.
3, June T., 1923, No. 4634, in the case of Hyman
Schestack v. Samuel Berman. Before Porter, Hen-
derson, Trexler, Keller, Linn and Gawthrop, JJ.
Affirmed.

Assumpsit for non-payment of check. Before Fer-
guson, J.
The Court directed a verdict in favor of the plain·
tiff in the sum of $1,112.50, and judgment was entered
thereon. Defendant appealed.

*Errors assigned* were refusal of defendant's offer of
proof as quoted in the opinion of the Superior Court,
and in directing a verdict for the plaintiff.

*Harry R. Back,* and with him *Michael Serody,* for
appellant.

*Jacob M. Cohen,* for appellee.

Per Curiam, October 26, 1925:
This is an action of assumpsit by payee against
maker of a check. It was established by the pleadings,
offered in evidence, that the check was given for the
cash payment required by a written agreement for the
sale of a lot and building, in the city of Philadelphia,
by plaintiff and his wife to the defendant. The de-
fendant stopped payment of the check, by notice to the
bank upon which it was drawn, and plaintiff then
brought this action. The defendant having given the
check for the amount of the cash payment required
by the written agreement, a right of action at once
accrued to the plaintiff when the defendant stopped
payment of the check. The defendant was called as a
witness in his own behalf and his counsel made the
following offer: ''I propose to prove by this man that

the property mentioned in the agreement of sale was never transferred to him by deed and that there was no settlement made''; the court sustained an objection to the offer and the defendant excepted to the ruling. The court did not err in rejecting the offer. The check having been given for the amount of the cash payment, the defendant was not entitled to a deed until after he had paid the check and complied with his other covenants contained in the agreement. The defendant did not offer to prove that he had been induced to execute the written agreement by fraudulent representations, nor that the property was incumbered by liens, nor that there was any defect in the title. The court did not err in giving binding instructions for the plaintiff.

The judgment is affirmed.